1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   -----------------------------------x

3   UNITED STATES of AMERICA,

4           -against-                        19 Cr. 497
                                             Bail Hearing
5
    JACOB ROSNER,
6
                 Defendant.
7
    -----------------------------------x
8

9                                    United States Courthouse
                                     White Plains, New York
10
                                     March 24, 2020
11

12

13               THE HONORABLE PAUL E. DAVISON,
                     United States Magistrate Judge
14

15
    GEOFFREY S. BERMAN
16       United States Attorney for
         the Southern District of New York
17  BY:  JAMES LIGTENBERG (by phone)
         Assistant United States Attorney
18

19
    CARTER LEDYARD & MILBURN LLP
20           Attorneys for Jacob Rosner
    BY:  ALAN S. LEWIS (by phone)
21

22
    Also present:
23  VINCENT ADAMS, Pretrial Services

24

25

1          THE CLERK:  In the matter of the United States of

2     America versus Jacob Rosner.  Will counsel on the telephone

3     appearing for the government please state your appearance for

4     the record.

5          MR. LIGTENBERG:  Good morning, your Honor.  Jim

6     Ligtenberg for the government.

7          THE COURT:  Good morning, Mr. Ligtenberg.

8          THE CLERK:  And will counsel on the telephone for the

9     defendant please state your appearance.

10          MR. LEWIS:  Good morning, your Honor.  This is Alan

11     Lewis for Mr. Rosner.

12          THE COURT:  Good morning, Mr. Lewis.  All right.

13     Mr. Rosner is under indictment in a case assigned to Judge

14     Román.  Mr. Rosner appeared before me back in late 2018 for a

15     presentment and was detained on consent without prejudice.  I

16     understand that there was a subsequent detention hearing

17     conducted in March 2019 and at that time Judge Smith detained

18     this defendant based on risk of flight and danger to the

19     community.  Now scroll ahead to March 2019, and Mr. Lewis wrote

20     to Judge Romàn indicating that there was an agreed bail package

21     upon which this defendant could be released based on changed

22     circumstances.  Judge Romàn, in essence, referred that

23     application to me and so here we are.

24          Mr. Rosner is here in the courtroom and counsel for

25     both the government and Mr. Rosner are participating

1 telephonically as I understand it to eliminate the need for

2 unnecessary travel from New York City in light of the current

3 health emergency.  Have I got all that correct so far?

4         MR. LEWIS:  Yes, your Honor.

5         THE COURT:  All right.  And Ms. Lee, can you confirm

6 that we are making a record here.

7         THE CLERK:  We are, Judge.

8         THE COURT:  Good.  All right.  I am told that there

9 is an agreed set of conditions on which this defendant can be

10 released.  Is that still true?

11         MR. LIGTENBERG:  Yes, your Honor.

12         MR. LEWIS:  Yes, your Honor.

13         THE COURT:  And I am further told, and again this

14 comes from Mr. Lewis' letter dated March 19, 2020 which appears

15 on the docket, that this change of position is a result of

16 changed circumstances, including the availability of family

17 members in the community who have renewed their relationship

18 with this defendant as well as in recognition of the extended

19 confinement that Mr. Rosner has undergone; is that correct?

20         MR. LIGTENBERG:  Yes, Judge.

21         MR. LEWIS:  It is, your Honor.

22         THE COURT:  All right.  Mr. Ligtenberg, this is

23 addressed to you.  Are you agreeing to the conditions set forth

24 in Mr. Lewis' March 19 letter?

25         MR. LIGTENBERG:  Yes, your Honor.

1          THE COURT:  Is there anything you want to add or

2    modify about that?

3          MR. LIGTENBERG:  No, your Honor.

4          THE COURT:  And Mr. Ligtenberg, the Court is

5    conscious that this is a defendant who was apprehended in a

6    foreign country and extradited or brought back to the United

7    States through what I can only describe as herculean efforts by

8    some of your colleagues and during a period when there was

9    around-the-clock efforts to round up these defendants and

10   rescue the victims.  Can you confirm to me that your office,

11   including up the chain of command, are fully in support of your

12   position here?

13         MR. LIGTENBERG:  Yes, your Honor.

14         THE COURT:  Very well.

15         Mr. Lewis, do you want to be heard about this at all?

16         MR. LEWIS:  Only one more aspect of the bail

17   condition, and I think that this is as much for the benefit of

18   my client as it is for the others who are attending.

19         After Mr. Rosner's release, we will propose phone

20   numbers that he will be permitted to call.  We're not going to

21   resolve those phone numbers today, but Mr. Rosner should know

22   that I will be having discussions with the government to ask

23   them to approve allowing him to speak with his mother.  Again,

24   we understand the Court is not going to rule on that one way or

25   the other today, nor are we going to agree upon it today, but

1  he should know that after today I will be discussing that

2  subject with the government.

3          THE COURT:  I have a couple of questions about the

4  proposal.  I am not sure I understand the proposed condition,

5  access to one telephone that will be approved by Pretrial

6  Services.  What is contemplated there?

7          MR. LIGTENBERG:  I think this was done with a

8  different defendant in this case.  Basically he had sent a list

9  of numbers to the government and to Pretrial, we would agree on

10 the list and that would be the list of people that he's allowed

11 to call, and my understanding is that Pretrial would monitor

12 that those are the numbers he is, in fact, calling.

13         THE COURT:  So there would be some specified

14 telephone that he's allowed to use.

15         MR. LIGTENBERG:  Exactly.

16         THE COURT:  Has that been agreed on?

17         MR. LIGTENBERG:  No.

18         THE COURT:  But Pretrial Services would make a

19 determination as to what telephone he was permitted to use and

20 then he would only use that phone which would facilitate

21 verification that he was only calling specified numbers?

22         MR. LIGTENBERG:  Exactly.

23         THE COURT:  Now the proposal is that this defendant

24 would be released today upon the co-signatures and then have

25 three weeks to perfect the real estate interests; is that

ANGELA A. O'DONNELL, Official Court Reporter
914-390-4025

1  right?

2          MR. LIGTENBERG:  Yes, your Honor.

3          MR. LEWIS:  I think the proposal was that he would be

4  released today with his signature and the co-signature of the

5  person who's in the courtroom, who is Ezriel Rosner, and we

6  would ask for a couple of days to get the other people there

7  who will also cosign.

8          THE COURT:  Mr. Ligtenberg.

9          MR. LIGTENBERG:  That's fine.

10         THE COURT:  Ezriel Rosner is here?  Gentleman's

11  raising his hand in the back.  Thank you, sir.

12         All right.  Mr. Jacob Rosner, why don't you stand up.

13         Mr. Rosner, this is really an extraordinary --

14         THE CLERK:  I'm sorry, Mr. Adams has --

15         PRETRIAL OFFICER ADAMS:  Your Honor, I understand

16  that you want Pretrial should monitor the phone.  I don't know

17  if we have that capability to monitor some phone the way they

18  (inaudible).

19         THE COURT:  Mr. Ligtenberg, could you hear that?

20         MR. LIGTENBERG:  No, I'm sorry.

21         THE COURT:  Mr. Adams, who is here in the courtroom,

22  indicated that he's not aware of any capability that Pretrial

23  has to monitor a telephone in a remote location.  In other

24  words, he's suggesting they might not be able to implement that

25  particular condition.

1      MR. LIGTENBERG:  My understanding is that with one of

2  the defendant's co-defendants, Aaron Rosner, it had the same

3  condition.  (Indiscernible) understanding that (indiscernible).

4  But I think the condition was lifted from the conditions that

5  were approved in that case.

6      THE COURT:  Mr. Lewis, in light of the interest in

7  getting this defendant released, I'm inclined to release him

8  today without any provision for him to make phone calls until

9  some mutually agreeable method can be worked out between the

10  government, defense counsel and Pretrial Services.

11      Would there be any objection to that?

12      MR. LEWIS:  No, your Honor.  I'll be able to speak to

13  Mr. Rosner by calling the phone where he will be living and I

14  will work with Mr. Litenberg and his colleagues to implement

15  this condition after his release.

16      THE COURT:  Mr. Ezriel Rosner, is there a landline

17  telephone in your residence?

18      MR. ESRIEL ROSNER:  Yes.

19      THE COURT:  I think we would all be more comfortable

20  with that.  So I will authorize defense counsel to call the

21  residence where this defendant is living and speak to his

22  client on that telephone until some more expanded protocol is

23  agreed upon.  That will be the extent of telephonic

24  communication by this defendant.  All right.

25      Anything else, Mr. Adams, before I jump into my --

1          PRETRIAL OFFICER ADAMS:  Where he'll be living.

2          THE COURT:  He's going to be living at 2 Rhonda Lane

3    in Airmont, New York, which is in Rockland County, if memory

4    serves.

5          It's in Rockland, is that right?  Rockland County?

6          MR. ESRIEL ROSNER:  Yes.

7          THE COURT:  Having considered the joint proposal of

8    defense counsel and the government and satisfied that the

9    government has fully vetted this proposal and considered the

10   equities set forth in Mr. Lewis' letter, I am going to set

11   release conditions under which this defendant can be released.

12         Mr. Rosner, before I do that, I want you to

13   understand this is an extraordinary opportunity that you're

14   being granted here; do you understand that?

15         THE DEFENDANT:  Yeah, I understand, but I got

16   something for discussion, Judge, because what I see there's

17   something wrong before because I have to send a letter to my

18   lawyer and to the judge which I saw last time and that we don't

19   want to do anything in the case, just wait, and we want to see

20   the judge, we all five with the letters, and we want talking

21   about presentation, we want to defend ourself.  And I sent

22   email to my lawyer Friday that I don't want he should make --

23         THE COURT:  You know, Mr. Rosner, I don't mean to cut

24   you off, but there is a public health emergency going on in the

25   United States, and the Court is really only open for very

1    limited purposes and one of those purposes is bail proceedings

2    like this one.  Okay?  We are gathered here together through

3    extraordinary efforts of a number people, really everybody

4    that's in the courtroom as well as counsel here on the phone to

5    try to get you out of jail.  Okay?  I'm not interested -- it's

6    not that I'm not interested, I have no authority to grant any

7    other applications on your behalf, so I'm cutting you off.  You

8    have a right to be heard, but not here and not today.  Do you

9    understand?

10           THE DEFENDANT:  I understand.  But this condition was

11   not discussed with me before, and I would like to discuss with

12   him.  This bail hearing here was a surprise for me because I

13   say my lawyer to not do that --

14           THE COURT:  Mr. Rosner, if you don't want to get out,

15   we can just send you back to jail.  That would frankly be

16   easier for me.  Your attorney and members of your family have

17   worked hard to put this together in order to enable you to be

18   released.  This is not a negotiation.  Are you prepared to

19   comply with these bail conditions that I'm about to lay down?

20   I'll tell you what they are first, and then you can tell me

21   whether you're prepared to comply with them or not.  Okay?

22           THE DEFENDANT:  Okay.

23           THE COURT:  Okay.  The conditions that have been

24   agreed to by counsel, as I understand it and subject to today's

25   discussion here on the record, is that Mr. Rosner can be

1    released on a $1 million personal recognizance bond which is to

2    be cosigned by four individuals, Ezriel Rosner, Naftoli

3    Ilovitz, Motel Tetitelbaum and Aaron Goldberger, forgive

4    mispronunciation.  The defendant to be released today upon his

5    own signature and the signature of Mr. Ezriel Rosner, who is

6    present in court.  The other three signators to present at the

7    courthouse to sign the bond within three business days.  The

8    bond is to be further secured by the equity in two pieces of

9    real property, one of them located at 2 Rhonda Lane in Airmont,

10   New York, owned by Ezriel and Chana Rosner, the other real

11   property located at 31 Jackson Avenue, Spring Valley, New York,

12   that property owned by this defendant's great grandparents.

13   The real property security to be perfected within three weeks

14   time.

15           While at liberty, Mr. Rosner will reside at 2 Rhonda

16   Lane in Airmont, New York, the residence of Mr. Ezriel and

17   Chana Rosner, shall be subject to home confinement at that

18   location.  The authorized absences subject to approval by

19   Pretrial Services will be for medical appointments, to meet

20   with his counsel, to attend court appearances and to attend

21   religious services at a synagogue located at 1 Larissa Court in

22   Airmont, New York, only to the extent that the synagogue is

23   able to convene services in light of current public health

24   directives which limit large gathers of people.  The home

25   confinement is to be enforced by electronic monitoring.  The

1    defendant, upon release, will be given the equipment to

2    self-install.

3              It shall be a further condition of his release that

4    he shall not communicate with any person currently or formerly

5    employed by or associated with the Lev Tahor religious group.

6    He shall not communicate with any of his co-defendants defined

7    as the individuals named in the indictment in which he is named

8    as well as any alleged co-conspirators such as may be

9    identified by the government.

10             It is further a condition that Mr. Rosner shall have

11   no contact whatsoever with the two individuals who have been

12   identified as victims in this case.

13             Do you know who those individuals are, Mr. Rosner?

14             THE DEFENDANT:  Yes, I know.

15             THE COURT:  You're not permitted to have any contact

16   with them any form whatsoever.

17             I am authorizing Mr. Rosner to communicate with his

18   attorney on the landline telephone located at that Rhonda Lane

19   address.  I will consider an application to modify conditions

20   if a protocol for additional telephone use can be worked out

21   and practically imposed by Pretrial Services and agreed to by

22   both sides, but for present purposes, the defendant is

23   prohibited from using cellphones or any internet connected

24   devices except to the extent that he may email and review case

25   related documents on a computer at that residence.

1          The government is granted authority to enter that

2     residence upon reasonable suspicion to search for prohibited

3     electronic devices or electronic uses.

4          Do you understand that, Mr. Ezriel Rosner?

5          MR. ESRIEL ROSNER:  Yes.

6          THE COURT:  That the government, if they think that

7     Mr. -- defendant Rosner has been violating any of these

8     conditions, they have the right to come into your home to

9     investigate.

10         You understand?

11         MR. ESRIEL ROSNER:  Yes.

12         THE COURT:  You're agreeing to that?

13         MR. ESRIEL ROSNER:  Yes.

14         THE COURT:  Okay.  Can somebody tell me where

15    Mr. Rosner's passport is, if he has one?

16         MR. LIGTENBERG:  I'm not sure, your Honor.

17         THE COURT:  Pretrial Services report indicates that

18    he stated that when he was arrested in Mexico the Mexican

19    authorities seized his American passport; does the government

20    have any information about that?

21         MR. LIGTENBERG:  That's possible, I can't say for

22    sure, I apologize.

23         THE COURT:  Mr. Rosner, do you have a United States

24    passport?

25         THE DEFENDANT:  I don't know, they just -- they just

1  make a new passport for me before they took me from Mexico it

2  was just for one (indiscernible), it was in my hand.

3            THE COURT:  Do you have it in your possession?

4            THE DEFENDANT:  No.

5            THE COURT:  All right, Mr. Rosner, I am going to

6  direct you not to apply for any type of passport or other

7  travel document while you're at liberty on bail conditions in

8  this case and if that -- either your US passport or any

9  temporary travel document that you may have received comes into

10  your possession, you need to immediately notify your attorney

11  who is directed to make arrangements to surrender that to the

12  government.  Do you understand?

13            THE DEFENDANT:  I understand, and I agree with that,

14  but I agree to get release bail, but I disagree to observe all

15  conditions which I have know before.

16            THE COURT:  Once again, Mr. Rosner, this is not a

17  negotiation.  If you don't want to be released on these terms,

18  you're not going to be released.

19            THE DEFENDANT:  That was not discussed with me before

20  so --

21            THE COURT:  Mr. Lewis.

22            MR. LEWIS:  Yes, your Honor.

23            THE COURT:  Your client is indicating that he's not

24  agreeable to all these conditions.  I think under the

25  circumstances, I can't release him.

1      MR. LEWIS:  I would ask your Honor to give me one
2  moment.  I did speak to my client about these conditions.  I
3  think what he does not understand is that some of the ones that
4  concern him would be the subject of future conversation.  There
5  are no promises, but I discussed who he can call and when he
6  can call other people like his mother.  I know that that
7  concerns him.  I would just ask him to understand that these
8  other conditions for now, when he is out, he and I will be able
9  to talk privately and reach out to the government to discuss
10 the things -- other things that are of concern to him.  He
11 should go ahead and proceed in that way.
12     THE DEFENDANT:  I --
13     THE COURT:  Mr. Rosner, I really can't release you if
14 you are objecting to the conditions.  Your attorney has worked
15 very hard to put this together.  He's telling you that he will
16 continue to try to work out some way that you can make
17 additional telephone calls, but you need to comply with these
18 conditions while they're in effect.  Are you prepared to do
19 that?
20     THE DEFENDANT:  Still disagree.
21     THE COURT:  I'm sorry?
22     THE DEFENDANT:  I still disagree with that.
23     THE COURT:  You still disagree.  All right.
24     Mr. Lewis, your client is indicating a disinclination
25 to comply with these conditions, and frankly, under the

1  circumstances, I do not think that bodes well for compliance if

2  he's already telling us that he's not going to comply.  So

3  unless someone has another or different idea, I'm going to

4  order Mr. Rosner's continued detention.

5          Mr. Ligtenberg, is there anything else from the

6  government?

7          MR. LIGTENBERG:  No, I agree with your assessment

8  your Honor.  Thank you.

9          THE COURT:  Mr. Lewis, thank you for your efforts.

10  Is there anything else you want to say?

11          MR. LEWIS:  Might we give Mr. Rosner one more chance

12  to agree to these conditions and --

13          THE COURT:  You know, I -- his affect here in the

14  courtroom suggests to me that he is really very resistant to

15  this, and under the circumstances and given nature of the case

16  the fact that he has strong roots in a foreign country and the

17  unique sensitivities here, I'm going to deny the application

18  for release and order Mr. Rosner's continued detention.

19          Thank you all.  We'll stand in recess.

20          THE CLERK:  All rise.  Court is in recess.

21          MR. LIGTENBERG:  Thank you, Judge.

22          (Proceedings concluded)

23  Certified to be a true and accurate transcript of the digital

24  electronic recording to the best of my ability.

25  U.S. District Court, Official Court Reporter